IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | | |
|---|---|---|
| SCHUMACHER HOMES OPERATIONS, INC. | ) ) ) | CASE NO.: 5:08CV309 |
| Plaintiff, | ) ) ) | JUDGE DOWD |
| | ) ) | MAGISTRATE JUDGE GALLAS |
| v. | ) ) | |
| PELTON DESIGN & CONSTRUCTION, LTD, et al., | ) ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROPOSED PROTECTIVE ORDER

WHEREAS, the parties to this suit recognize that discovery herein may involve technical, financial and/or business information considered by one or more of the parties to be Confidential; and

WHEREAS, the parties believe that it would, therefore, be appropriate for discovery herein to proceed under a protective order of this Court pursuant to FED.R.CIV.P.26(c);

ACCORDINGLY, it is herby ORDERED that:

1. All income and financial information disclosed by either party in this case and any deposition testimony related to such information is declared to be "confidential".

2. Confidential information shall be used only for the purposes of this litigation and for no other purpose whatsoever.

3. Any documents or pleadings, which contain confidential information, if filed or submitted to the Court, shall be filed in a sealed envelope marked, "Sealed pursuant to Protective Order—do not open without Court Order".

4. All confidential information produced in this action shall not be disclosed in any way to anyone other than:

   a. Attorneys of record and their associate attorneys, and the employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation.

   b. Any party, and such employees of the parties as are necessary to the conduct of this litigation, who is bound by the terms of this Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may not retain documents containing confidential information.

   c. Experts who have been retained by the parties to assist and testify in this litigation.

5. Prior to any disclosure to paragraph 4(c) above, counsel shall obtain an acknowledgment of confidentiality from each person to whom disclosure is to be made, acknowledging that any document, information, or tangible item that has been designated as confidential information is subject to this Order, that the person has read this Order, that such person agrees to comply with and be bound by this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order. All

acknowledgments of confidentiality shall be maintained through the conclusion of this action and copies provided to opposing counsel. The acknowledgment of confidentiality shall be provided to opposing counsel ten (10) days prior to any confidential information being disclosed to any expert.

6. The inadvertent or unintentional production of documents containing, or other disclosure of, Confidential or secret information without being designated as Confidential at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation shall be corrected as soon as reasonably possible after the designating party becomes aware of the error. The production of documents or other tangible things pursuant to a request for production by a party herein shall not be deemed a waiver of any right by the producing party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or other valid ground of objection.

7. Where materials designated "confidential" are used in support of or in opposition to a motion, the party so using the material shall transmit a copy of the relevant material to the Court's chambers in an unsealed envelope clearly marked: "COPY – ORIGINAL FILED UNDER SEAL." It shall be the responsibility of the party using the confidential material, not the Clerk, to supply the copy to the Court's chambers. In the event that this case shall proceed to trial, no materials used in open court shall be entitled to the continuing designation of "confidential" unless a separate order from the court is obtained. If any party seeks to obtain judgment by either a motion to dismiss or a motion

for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

8. This Order shall not prevent any person from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order subject to the approval of the Court.

9. At the conclusion of this action, including any appeals, all "confidential information" or information furnished pursuant to this Order and all copies thereof, shall be returned to the producing attorneys, or at the producing person's option, destroyed by counsel for the receiving party. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of the confidential information or confidential for attorneys of record only information produced hereunder shall continue to be binding after the conclusion of this action.

SIGNED on this ___8th___ day of ___October___, 2008.

_____
JUDGE DOWD

S:\Bob's Docs Clients Schumacher Homes, Inc 79-100 Pelton Design Aaron Scranton 79-139 Protective Order 09-03-08.jls